Bernard J. WOODMANSEE,
Sr., Petitioner,

v.

Harold MILLER, Warden, et al.,
Respondents.

Civ. No. 84–0979.

United States District Court,
M.D. Pennsylvania.

Jan. 11, 1985.

Bernard J. Woodmansee, pro se.

Holly Harris, Asst. U.S. Atty., Rutland, Vt., for respondents.

ORDER

NEALON, Chief Judge.

■ After carefully and independently reviewing the record and exceptions in this case, the court has decided to adopt the Report of Magistrate Raymond J. Durkin dated November 14, 1984 to the extent that it recommends a finding that no *ex post facto* violation occurred and that the Motion to Dismiss should be granted.[1] Parole Guidelines in effect at the time of the offense are to be employed. *See Metzer v. United States Parole Commission,* Civ. No. 84–0256 (M.D.Pa.1984). Petitioner was found guilty of new criminal conduct, an assault, in 1983. Thus, the Guidelines in effect in 1983, the time of petitioner's offense, were properly applied to petitioner in calculating his reparole date. Petitioner's contention that the Parole Commission may not rely on any offense or information that has not resulted in petitioner's conviction is without merit. *See* 18 U.S.C. § 4214; *Campbell v. United States Parole Commission,* 704 F.2d 106, 109–110 (3d Cir. 1983).

NOW, this 11th day of January, 1985, IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss is granted.

(2) The petition is dismissed.

---

**1.** Petitioner submitted to this court a copy of the denial of his appeal to the National Appeals Board. Thus, petitioner did exhaust his administrative remedies. The court also notes that petitioner, in his exceptions to the Magistrate's Report, argues that 28 C.F.R. §§ 2.1–2.60 are unconstitutional on their face. *See* Document 11 of the Record. That issue, however, was argued by petitioner for the first time in his exceptions. Thus, the issue is not properly before the court and will not be addressed.

(3) Any appeal from this Order will be deemed frivolous, lacking in probable cause and not in good faith.

(4) The Clerk of Court is directed to close this case.